UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIELLE JOHNSON,** | : | CIVIL NO. 4:23-CV-1159 |
| **Plaintiff,** | : | |
| v. | : | (JUDGE MANNION) |
| **LYCOMING COUNTY CHILDREN AND YOUTH, et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

# ORDER

Presently before the court in this *pro se* lawsuit is the Report and Recommendation of Magistrate Judge Daryl F. Bloom, (Doc. 14), dated October 25, 2023. Judge Bloom conducted the legally required screening review of Plaintiff's complaint and recommends that it be dismissed with prejudice. No objections to Judge Bloom's report have been filed by any party and the time within which they were due has lapsed.

Where no objection is made to a report and recommendation, the court should as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F. Supp.2d 465, 469 (M.D. Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)(explaining judges

should give some review to every report and recommendation)). In any event, whether timely objections are made or not, the district court may accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

Since the report correctly states the procedural and factual background of this case, (Doc. 14, at 1-2), it will not be repeated herein. In short this is a lawsuit against Lycoming County Children and Youth, several of its employees, and a state court judge stemming from an incident where Plaintiff allegedly left her 8-month-old child home alone, was arrested by police, and ultimately had custody of her children taken from her by the state.

District courts have an on-going statutory obligation to preliminarily review a *pro se* complaint to determine whether any claims are frivolous, malicious, or fail to state a claim upon which relief may be granted. *See* 28 U.S.C. §1915(e)(2)(B)(ii). This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

In determining whether a complaint states a claim for relief, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable

inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

When reviewing a *pro se* complaint, the court must also construe such complaints liberally "so 'as to do substantial justice.'" *Alston v. Parker*, 363 F. 3d 229, 234 (3d Cir. 2004) (quoting R. Civ. P. 8(f)). The court must apply the relevant law even if the *pro se* plaintiff does not mention it by name. *Dluhos v. Strasberg*, 321 F. 3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F. 3d 683, 688 (3d Cir. 2002)). Still even when viewed under this standard, Plaintiff's complaint fails to state a claim upon which relief may be granted.

At the outset, the state court judge that Plaintiff has sued is entitled to immunity from the claims against him. *See Kwasnik v. LeBlon*, 228 F. App'x 238, 243 (3d Cir. 2007) (citing *Mireles v. Waco*, 502 U.S. 9, 12 (1991) ("A judicial officer in the performance of his or her duties has absolute immunity from suit.") Additionally, Plaintiff's claims that invite the court to overturn state

court custody orders are barred by the *Younger* abstention doctrine. *See Kendal v Russell*, 572 F.3d 126, 130 (3d Cir. 2009) (citing *Younger v. Harris*, 401 U.S. 37, 41 (1971)) ("*Younger* abstention is a legal doctrine granting federal courts discretion to abstain from exercising jurisdiction over a claim when resolution of that claim would interfere with an ongoing state proceeding.") Since Plaintiff's complaint indicates that she is part of ongoing state court custody proceedings, Judge Bloom recommends, and this court agrees, that it should abstain from claims involving those proceedings.

      The complaint also appears to assert broad and conclusory claims of race and disability discrimination. However, the complaint does nothing more than allege just that—that the plaintiff believes she was discriminated against because of her disability and her race. She does not allege any further factual support for these claims. In fact, the complaint does not even identify Plaintiff's race or a disability. Accordingly, this complaint runs afoul of Rule 8's basic requirement that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Because the complaint contains no more than vague, conclusory allegations, these claims will be dismissed.

      Finally, because Plaintiff's federal claims fail, the court will decline to exercise supplemental jurisdiction over the host state law tort claims alleged

in the complaint. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (The district courts may decline to exercise supplemental jurisdiction over a supplemental claim if the district court has dismissed all claims over which it has original jurisdiction).

Although Judge Bloom recognizes that *pro se* plaintiffs should generally be permitted to amend their complaints, *see Fletcher-Hardee Corp. v. Pote Concrete Contractors*, 482 F. 3d 247, 253 (3d Cir. 2007), he believes this complaint is materially flawed in a number of ways, and thus leave to amend would be futile. This court agrees and will accordingly dismiss the complaint with prejudice.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT**:

(1) The report and recommendation of Judge Bloom, (Doc. 14), is **ADOPTED IN ITS ENTIRETY** as the decision of the court.

(2) Plaintiff's complaint, (Doc. 1), is **DISMISSED** with prejudice.

(3) The Clerk of Court is directed to **CLOSE THIS CASE**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: January 5, 2024**
23-1159-01